**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| TOTAL IMAGING CONCEPTS, INC. | CIVIL ACTION NO. 22-5954 |
| VERSUS | JUDGE DONALD E. WALTER |
| MIKE LINK, ET AL. | MAGISTRATE JUDGE HORNSBY |

## <u>MEMORANDUM RULING</u>

Before the Court is a Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim, filed by Defendant Mike Link. <u>See</u> Record Document 36. Plaintiff Total Imaging Concepts, Inc. ("Total Imaging") filed an opposition. <u>See</u> Record Document 38. For the reasons stated below, Mike Link's motion to dismiss (Record Document 36) is **GRANTED.**

## <u>BACKGROUND</u>

Total Imaging is a company which owns, leases, and maintains medical imaging equipment, and is co-owned by Mike Link and Richard Lee ("Lee"). <u>See</u> Record Document 22 at 3. Previously, Total Imaging leased a computed tomography scan ("CT") unit to Reception and Medical Center ("RMC"), a state prison and hospital in Florida. <u>See id.</u> The CT unit was serviced by Imaging Support Services, Inc. ("ISSI"), a company that is owned by Brenda Link and Terence Link, Mike Link's brother. <u>See id.</u> RMC also rented a magnetic resonance imaging ("MRI") unit from a third-party vendor. <u>See id.</u>

Total Imaging alleges that Mike Link informed Lee that RMC had become dissatisfied with the MRI unit that it rented from the third-party vendor and suggested that Total Imaging could enter into a new lease with RMC to provide an MRI unit and an upgraded CT unit. <u>See id.</u> 3–4. Total Imaging further alleges Mike Link suggested that it would be in Total Imaging's best interest

if ISSI would "front" the lease contract to RMC and pass the lease payments for the two mobile units to Total Imaging. See id. at 4. Total Imaging contends that the parties entered into that agreement, and beginning in late 2019, RMC paid $16,000 for each unit per month. See id.

By January 2021, Total Imaging maintains that the rent payments to Total Imaging were behind by five months for a total deficit of $160,000. See id. Total Imaging claims that RMC was making its payments, but that ISSI was not remitting these payments to Total Imaging. See id. On January 5, 2021, Mike Link allegedly called Lee to inform him that RMC was unhappy with the mobile units and wanted them removed by January 19, 2021. See id. Total Imaging contends that Lee told Mike Link that he would contact RMC, but Mike Link allegedly responded that Lee "should not do so because it would mess [ISSI's] contract up." Id. at 5. Total Imaging further contends that Mike Link informed Lee that he had already arranged to remove the mobile units from RMC. See id.

On October 4, 2022, Total Imaging filed suit against Mike Link, Terence Link, Brenda Link, and ISSI in the First Judicial District Court for the Parish of Caddo. See Record Document 1-1. Two months later, Total Imaging filed its First Amended and Restated Complaint in which it removed Terence Link, Brenda Link, and ISSI as defendants. See Record Document 22 at 1. In accordance with that filing, on August 18, 2023, this Court dismissed all Total Imaging's claims against Terence Link, Brenda Link, and ISSI. See Record Document 30. Therefore, Mike Link is the only remaining defendant. Mike Link filed this motion to dismiss arguing that he is a citizen of Ohio and lacks sufficient contacts with Louisiana to support personal jurisdiction. Additionally, Mike Link asserts that Total Imaging's complaint fails to state a prima facie case against him for a breach of his fiduciary duties. Lastly, Mike Link argues that Lee lacks the capacity to file this suit on behalf of Total Imaging.

## LAW AND ANALYSIS

**A. Personal Jurisdiction.**

Federal Rule of Civil Procedure 12(b)(2) authorizes a motion to dismiss for lack of personal jurisdiction. When a defendant challenges a court's exercise of personal jurisdiction, the plaintiff bears the burden of proving that jurisdiction does, in fact, exist. See Guidry v. U.S. Tobacco Co., 188 F.3d 619, 626 (5th Cir. 1999). On a pretrial motion such as this one where no evidentiary hearing is held, the uncontroverted allegations in the plaintiff's complaint must be taken as true and any conflicts between facts contained in the parties' affidavits must be resolved in the plaintiff's favor. See Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir. 1990). Those facts must create for the plaintiff only a prima facie showing of jurisdiction. See Travelers Indem. Co. v. Calvert Fire Ins. Co., 798 F.2d 826, 831 (5th Cir. 1986). A plaintiff who satisfies the minimal standard must still prove, by a preponderance of the evidence, the jurisdictional facts before obtaining relief on the merits against the non-resident. See id.; see also Felch v. Transportes Lar-Mex SA DE CV, 92 F.3d 320, 326 (5th Cir. 1996). When a defendant files a motion to dismiss for lack of jurisdiction in conjunction with a motion to dismiss for failure to state a claim, the court must consider jurisdiction before reaching the merits of a claim. See Guidry, 188 F.3d at 623 (citing Moran v. Kingdom of Saudi Arabia, 27 F.3d 169, 172 (5th Cir. 1994)).

To exercise personal jurisdiction, a federal court sitting in diversity must satisfy both statutory and constitutional requirements. See Marathon Oil Co. v. A.G. Ruhrgas, 182 F.3d 291, 294 (5th Cir. 1999). The state's long-arm statute must confer jurisdiction over the defendant, and the court's exercise of personal jurisdiction must be consistent with the due process clause of the Fourteenth Amendment. See id. The Louisiana long-arm statute is coextensive with the limits of

constitutional due process, merging the statutory and constitutional analyses into one. See La. R.S. 13:3201; A&L Energy, Inc. v. Pegasus Grp., 791 So. 2d 1266, 1270 (La. 6/29/01).

Due process requires that a defendant has sufficient minimum contacts with the forum state and that the exercise of jurisdiction is consistent with traditional notions of fair play and substantial justice. See Walk Haydel & Assoc., Inc. v. Coastal Power Prod. Co., 517 F.3d 235, 243 (5th Cir. 2008). The defendant must have committed an act which purposefully avails itself of the privilege of conducting activities with the forum state, and therefore, invoked the benefits and protections of the forum state's laws. See Hanson v. Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228, 1240 (1958).

"Minimum contacts" may give rise to either general or specific personal jurisdiction. Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo., 615 F.3d 364, 368 (5th Cir. 2010). General personal jurisdiction empowers a court to hear "any and all claims" against a defendant whose contacts with the forum state are "continuous and systematic" such that the defendant is "at home" in the state. Daimler AG v. Bauman, 571 U.S. 117, 121, 134 S. Ct. 746, 751 (2014). Specific personal jurisdiction exists when the defendant's contacts with the state arise from or are directly related to the cause of action. See Marathon Oil, 182 F.3d at 295. To determine whether a court may exercise specific jurisdiction, the Fifth Circuit prescribes a three-step analysis: "(1) whether the defendant has minimum contacts with the forum state; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." Jackson v. Tanfoglio Giuseppe, S.R.L., 615 F.3d 579, 585 (5th Cir. 2010) (citing Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 271 (5th Cir. 2006)). The contacts, while not as substantial as those required for an exercise of general jurisdiction, may not be merely "random, fortuitous, or attenuated." Clemens v. McNamee, 615 F.3d 374, 379 (5th Cir. 2010). Additionally, the contacts cannot result from the "unilateral

4

activity of another party or third person." ITL Int'l, Inc. v. Constenla, S.A., 669 F.3d 493, 498 (5th Cir. 2012). If the plaintiff successfully establishes the first two prongs, the burden shifts to the defendant to show that litigation in the forum state would be "'so gravely difficult and inconvenient' that a party unfairly is at a 'severe disadvantage' in comparison to [its] opponent." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478, 105 S. Ct. 2174, 2185 (1985).

**B. Fiduciary Shield Doctrine.**

In considering personal jurisdiction over a nonresident director or officer, courts should be mindful of the fiduciary shield doctrine. Under this doctrine, a court is prevented from exercising jurisdiction over individual officers and employees of a corporation merely because the court has jurisdiction over the corporation itself. See Cobb Indus., Inc. v. Hight, 469 So.2d 1060, 1063 (La. App. 2 Cir. 5/8/85); see also Stuart v. Spademan, 772 F.2d 1185, 1197 (5th Cir. 1985) (the fiduciary shield doctrine "holds that an individual's transaction of business within the state solely as a corporate officer does not create personal jurisdiction over that individual"); Escoto v. U.S. Lending Corp., 675 So. 2d 741, 745 (La. App. 4 Cir. 5/22/96) (the fiduciary shield doctrine "is rooted in the principle that the acts of a corporate officer in his corporate capacity cannot form the basis for jurisdiction over him in an individual capacity"). The fiduciary shield doctrine requires the Court to "look to the individual and personal contacts, if any, of the officer or employee, with the forum state." Escoto, 675 So.2d at 745.

If the court ultimately determines that the defendant has minimum contacts, it will look to the following factors to determine whether exercising personal jurisdiction over the defendant would offend traditional notions of fair play and substantial justice: (1) the defendant's burden in defending suit in the forum state; (2) the forum state's interest in the dispute; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution

of controversies; and (5) the state's shared interest in furthering fundamental social policies. See A&L Energy, 791 So. 2d at 1274 (citing Asahi Metal Indus. Co., Ltd. v. Superior Ct. of Cal., Solano Cnty., 480 U.S. 102, 112, 107 S. Ct. 1026, 1032 (1987)). "The fairness component is comprised mainly of the burden of the defendant to defend a suit in the forum minus the interests of the plaintiff and the state to have the suit litigated in the forum." de Reyes v. Marine Mgmt & Consulting, Ltd., 586 So.2d 103, 107 (La. 9/9/91). As an initial matter, the Court must determine whether to apply the fiduciary shield doctrine.

Mike Link is a citizen of Ohio and a director of Total Imaging. See Record Document 22 at 1, 3. Mike Link concedes that the Court has general personal jurisdiction over Total Imaging because Total Imaging is incorporated in Louisiana and its principal place of business is in Louisiana. See Record Documents 22 at 1 and 36-2 at 10. However, Mike Link contends that the fiduciary shield doctrine is applicable and prevents the Court from exercising jurisdiction over him as a director of Total Imaging merely because the Court has jurisdiction over Total Imaging. See Record Documents 36-2 at 9. Therefore, Mike Link's position is that the Court must ensure that any exercise of personal jurisdiction over him is based solely on his contacts with Louisiana which relate to the cause of action.

In its opposition, Total Imaging argues that the fiduciary shield doctrine does not apply for a few reasons. First, it argues that the fiduciary shield doctrine plays no role in the personal jurisdiction analysis under either the due process clause or a coextensive long-arm statute. See Record Document 38 at 10. The Court acknowledges that other federal circuit courts appear to take the position that the fiduciary shield doctrine is not applicable in cases involving a coextensive

long-arm statute.[1] However, the Fifth Circuit and Louisiana courts routinely recognize the fiduciary shield doctrine in cases involving a coextensive long-arm statute.[2] The fiduciary shield doctrine does not preclude this Court from exercising personal jurisdiction over the defendant. Rather, the fiduciary shield doctrine requires the Court to ensure that the personal jurisdiction analysis is based on the defendant's individual contacts with the forum. See Ostrowiecki v. Aggressor Fleet, Ltd., No. 07-6598, 2008 WL 2313140, at *4 (E.D. La. May 30, 2008) ("[J]urisdiction over the corporation may also confer jurisdiction over the individual officers and employees where they are engaged in activities *within the jurisdiction* that would subject them to coverage of the state's long-arm statute." (quoting Cobb Indus., 469 So.2d at 1064) (emphasis in original)).

Additionally, Total Imaging argues that Louisiana Revised Statute Section 12:1-742.2 provides for automatic personal jurisdiction of a nonresident who is the director of a Louisiana corporation. See Record Document 38 at 11. Section 12:1-742.2 provides:

> A court may exercise personal jurisdiction over a nonresident who is or has been a director of a domestic corporation as to a cause of action arising from a breach by

---

[1] See Pittsburgh Terminal Corp. v. Mid Allegheny Corp., 831 F.2d 522, 525 (4th Cir.1987) (holding that the fiduciary shield doctrine is "not available where the forum state's long-arm statute is coextensive with the full reach of due process"); see also Urquhart-Bradley v. Mobley, 964 F.3d 36, 47 (D.C. Cir. 2020) (holding that "the relevant prong of the District of Columbia's long arm statute reaches as far as the Constitution allows" and "it has no room for the fiduciary shield doctrine, which would shorten [its] jurisdictional hand"); Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A., 972 F.3d 1101, 1109 (9th Cir. 2020) (holding that California's long-arm statute has no "fiduciary shield" exception and "imposes no limitations on personal jurisdiction beyond those required by due process").

[2] See Stuart, 772 F.2d at 1197; FloQuip, Inc. v. Chem Rock Techs., No. 16-CV-0035, 2016 WL 4574436, at *12 (W.D. La. June 20, 2016) (acknowledging the fiduciary shield doctrine alongside Louisiana's coextensive long-arm statute and determining personal jurisdiction based on the defendant's individual contacts with the forum); SteriFx, Inc. v. Roden, 939 So.2d 533, 537 (La. App. 3 Cir. 8/25/06) (acknowledging the fiduciary shield doctrine alongside Louisiana's coextensive long-arm statute and noting that the doctrine will not preclude a finding of personal jurisdiction if the defendant's individual actions with Louisiana provide sufficient minimum contacts).

the nonresident of a duty owed to the corporation or its shareholders because of the nonresident's position as a director.

La. R.S. 12:1-742.2. The Court finds that the application of the fiduciary shield doctrine is not barred by Louisiana Revised Statute Section 12:1-742.2 in this specific instance. Although Section 12:1-742.2 provides for personal jurisdiction over a nonresident defendant of a Louisiana corporation, this statute is in a subsection of the Louisiana Business Corporation Act that applies only to derivative proceedings. See id. This suit is not a derivative proceeding; therefore, this Court may not exercise the automatic personal jurisdiction over Mike Link that is conferred by Louisiana Revised Statute Section 12:1-742.2.

Lastly, Total Imaging relies on Simmons v. Templeton, which held that automatically exercising personal jurisdiction over a nonresident defendant who is the officer of a corporation with its principal place of business in Louisiana is constitutional. See Simmons v. Templeton, 684 So. 2d 529, 534 (La. App. 4 Cir. 11/27/96). The Simmons Court explained that at least nine other states have long-arm statutes which provide for automatic personal jurisdiction over nonresident directors of domestic corporations and found that although Louisiana's long-arm statute does not contain a similar provision, the fact that other states have these provisions "indicates that the exercise of such jurisdiction is consistent with the Constitution of the United States." Id. The Court declines to exercise jurisdiction over Mike Link on the grounds that other states' long-arm statutes indicate Mike Link's position as a director of Total Imaging render it constitutional. Importantly, this Court is unaware of any other court in Louisiana that has declined to apply the fiduciary shield doctrine based on this reasoning. With respect to the Simmons Court, this Court respectfully disagrees and instead joins the others that continue to apply the fiduciary shield doctrine to nonresident directors of corporations that have principal places of business in Louisiana despite

8

other states' long-arm statutes authorizing automatic personal jurisdiction under such circumstances. See, e.g., SteriFx, 939 So.2d at 539.

Given the applicability of the fiduciary shield doctrine, the Court must determine whether Total Imaging is attempting to establish jurisdiction over a corporate officer, Mike Link, simply because he is an officer of Total Imaging, or instead, whether Mike Link has himself committed an act that establishes minimum contacts. See House of Raeford Farms of Louisiana L.L.C. v. Poole, No. 19-271, 2021 WL 3673901, at *6 (W.D. La. Mar. 18, 2021). To exercise specific personal jurisdiction, the defendant's contacts with the state must arise from or are directly related to the cause of action. See Marathon Oil, 182 F.3d at 295. Mike Link's contact with Louisiana is limited to one contact: the phone call Mike Link made to Lee, who was in Louisiana at the time, during which Mike Link allegedly informed Lee that RMC was terminating its contract with Total Imaging and that Mike Link had already arranged to remove the machines. See Record Document 22 at 4–5.

Notably, the Fifth Circuit has previously held that one phone call to the forum state may constitute minimum contacts sufficient for specific jurisdiction under certain circumstances. See Trois v. Apple Tree Auction Ctr., Inc., 882 F.3d 485, 491 (5th Cir. 2018) (collecting cases). However, all the cases of which the Court is aware involve a scenario in which the alleged cause of action (generally defamation) takes place during the phone call. Unlike those cases, the alleged cause of action here did not occur during the phone call. The basis of Total Imaging's claim is that Mike Link worked with his brother, Terence Link, to cause Total Imaging's machines to be replaced with ISSI machines. See Record Document 22 at 6–7. However, the phone call between Mike Link and Lee is not alleged to have achieved this; Total Imaging merely alleges that Mike Link informed Lee on the phone call that RMC would no longer be using Total Imaging's

machines. The Court does not pretend that Total Imaging's allegation against Mike Link is wholly unrelated to Mike Link's call to Lee. However, the phone call itself does not constitute the alleged breach of fiduciary duty, and the absence of the phone call would not have prevented or mitigated the alleged breach of fiduciary duty. Moreover, the phone call is an extraordinarily limited contact and, thus, would have to be far more closely related to the alleged breach of fiduciary duty to make personal jurisdiction fair and reasonable. Therefore, Mike Link's sole contact with Louisiana may not be the basis of this Court's exercise of personal jurisdiction over Mike Link.

Even if the Court found that Mike Link had minimum contacts with Louisiana, it would still decline to exercise personal jurisdiction over him because such jurisdiction would not comport with traditional notions of fair play and substantial justice. First, it appears that Mike Link's burden of traveling to Louisiana would be significant. While Mike Link has ties to Louisiana through his role of director of Total Imaging, Mike Link claims that this role is nominal and that any work he does for the company is done remotely from Ohio. See Record Document 36-2 at 15. Traveling to and from Louisiana for trial would certainly be costly and burdensome, and it does not appear that Mike Link has previously taken on this burden in his role as director of Total Imaging. Second, while Louisiana has an interest in protecting its corporations from harm, its interests in this case are certainly minimized given that the alleged harm did not occur in Louisiana. Third, although Total Imaging has an interest in relief, there are far more appropriate venues available in which it may seek that relief. Finally, there is no reason to assume that justice could not be administered or that fundamental social policies would not be advanced in a more appropriate forum. Thus, even if Mike Link had minimum contacts with Louisiana, exercising personal jurisdiction over Mike Link would offend traditional notions of fair play and justice and therefore, would not comport

with due process requirements. Accordingly, this Court may not exercise personal jurisdiction over Mike Link.[3]

**CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Mike Link's motion to dismiss (Record Document 36) is **GRANTED**. All of Total Imaging's claims filed against Mike Link are **DISMISSED WITHOUT PREJUDICE.**

A judgment consistent with the instant Memorandum Ruling shall be issued herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 16th day of July, 2024.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[3] Mike Link's motion to dismiss argues that even if he is subject to personal jurisdiction, this Court should dismiss the claims against him because Total Imaging fails to state a claim upon which relief can be granted. However, because it has determined that it lacks personal jurisdiction over Link, the Court need not address this argument.